UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| FAE REMEDIOS AND<br>DR. OTHOLINO REMEDIOS | * <br> * <br> * | CIVIL ACTION NO.: |
| Plaintiffs | * <br> * | |
| VERSUS | * <br> * | JUDGE: |
| DOLLAR TREE STORES, INC. | * <br> * | MAG. JUDGE: |
| Defendant | * <br> * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Dollar Tree Stores, Inc. ("Dollar Tree"), Defendant, through undersigned counsel, pursuant to 28 U.S.C. § 1332, 1441 and 1446, hereby files this Notice of Removal of the action entitled *Fae Remedios and Dr. Otholino Remedios*, Docket No. 820-186, Division E, pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana (the "State Court Action"), to the United States District Court for the Eastern District of Louisiana, and represents that:

1. On August 4, 2021, Fae Remedios and Dr. Otholino Remedios (collectively, "Plaintiffs"), commenced the captioned action by filing a Petition for Damages (the "Petition") in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

    a. **Citizenship of the Parties**

2. Plaintiffs assert that they are "persons of the full age of majority, and residents of the Parish of Jefferson, State of Louisiana."[1]

---

[1] Petition, Introductory Paragraph. Plaintiffs' Petition is contained in the state court pleadings that were attached to the Listing pursuant to 28 U.S.C. § 1447(b), which Dollar Tree has filed into the record of this matter.

1

3. Plaintiffs assert that Dollar Tree is "a foreign business corporation authorized to do and doing business in Louisiana…"[2]

4. Dollar Tree has attached the state court record[3] to the Listing pursuant to 28 U.S.C. § 1447(b), filed herewith (hereinafter the "Listing").

   **b.  Injury/Damages Allegations**

5. Plaintiff Fae Remedios ("Mrs. Remedios") allegedly sustained injuries on or about November 24, 2020, while shopping at the Dollar Tree store located at 2703 Belle Chasse Highway, Gretna, LA 70056.[4]

6. More specifically, Plaintiffs allege that Mrs. Remedios struck her head and "sustain[ed] a severe traumatic brain injury" after she tripped and fell over a shopping basket.[5]

7. Plaintiffs allege that "the sole and proximate cause of the…accident is the negligence of defendant Dollar Tree Stores, Inc."[6]

8. Plaintiff claims that as a result of the injuries she allegedly sustained at Dollar Tree, Mrs. Remedios has undergone "multiple surgeries, physical therapy, occupational therapy, and various other treatment modalities."[7]

9. Due to the alleged incident at Dollar Tree, Plaintiffs claim that Mrs. Remedios "sustained loss and damage including but not limited to past, present and future medical expenses, past, present and future pain and suffering, loss of enjoyment of life, lost earnings and

---

[2] Petition, Paragraph 1.
[3] Defendant is in possession of the Petition for Damages and Notice of Citation.  Defendant is unable at this time to obtain any additional pleadings that may be filed into the state court record because the Twenty Fourth Judicial District Court is closed due to Hurricane Ida until September 20, 21 and the on-line records portal is offline due to a ransomware attack.  Defendant will supplement the Listing if there are additional pleadings in the state court record when 24th JDC re-opens.
[4] Petition, Paragraph 3.
[5] Petition, Paragraph 3.
[6] Petition, Paragraph 4.
[7] Petition, Paragraph 5.

diminished earning potential."[8] Further, Plaintiff Dr. Otholino Remedios, the spouse of Mrs. Remedios, claims to have suffered "damages for loss of love, affection and companionship and…lost earnings occasioned by reducing his work hours in order to care for his wife in accordance with La. Stats. Ann. Civil Code art. 2315(B)."[9]

    c. **Pre-Removal Discovery/Discussions**

10. Undersigned counsel contacted Plaintiffs' pre-suit counsel regarding Mrs. Remedios' medical treatment to date.[10] Plaintiffs' counsel indicated that Mrs. Remedios has undergone two brain surgeries and will potentially undergo another surgery as a result of the alleged injuries described in her Petition.[11] Plaintiffs' attorney confirmed that Mrs. Remedios had a third surgery, a repeat cranioplasty, on July 26, 2021 from which she is still recovering.[12]

11. While Dollar Tree denies liability for the damages sought herein and does not concede, based upon the information contained in the record and received to date, that Dollar Tree is liable to Plaintiffs for the claimed damages, Dollar Tree nevertheless respectfully submits that, considering the foregoing facts and circumstances as alleged, and the representations made by Plaintiffs in their Petition for Damages and that Plaintiff has undergone three brain surgeries which she alleges are the result of the subject incident, it is apparent the amount in controversy herein exceeds $75,000.00, exclusive of interests and costs.

---

[8] Petition, Paragraph 6.
[9] Petition, Paragraph 8.
[10] Correspondence dated July 22, 2021 between Defense counsel and Plaintiffs' counsel regarding Plaintiff Fae Remedios' medical records, attached as Exhibit "A."
[11] *See* Exhibit "A."
[12] Correspondence dated September 9, 2021 between Plaintiffs' counsel and Defense counsel regarding Plaintiff Fae Remedios' additional treatment, attached as Exhibit "B."

    **d. Service and Timeliness**

12.    As this matter is being removed within 30 days of service upon Dollar Tree, this Notice of Removal is timely sought. Each Defendant has 30 days from service to seek removal to federal jurisdiction under 28 U.S.C. § 1446(b)(2)(B). *See First Choice Surgery Cntr. Of Baton Rouge, LLC v. United Healthcare Services, Inc.*, 2012 U.S. Dist. LEXIS 106626, *7-8 (M.D. La. July 30, 2012) (*citing Brown v. S.L. Netterville Logging, Inc.*, 2009 U.S. Dist. LEXIS 54233, *3 (M.D. La. June 26, 2009)); *Backes v. Colonial Life & Accident Ins. Co.*, 2006 U.S. Dist. LEXIS 15501, *2 (E.D. La. April 4, 2006); *Hibernia Cmty. Dev. Corp., Inc. v. U.S.E. Cmty. Servs. Group, Inc.*, 166 F.Supp.2d 511, 513 (E.D. La. 2001); *Manuel v. Unum Life Ins. Co. of Am.*, 932 F.Supp. 784, 785 (W.D. La. 1996); *Skinner v. Old Southern Life Ins. Co.*, 572 F.Supp. 811, 812-13 (W.D. La. 1983). The record establishes that service was issued to Dollar Tree on August 18, 2021.[13] As this removal is being filed within 30 days of service upon Dollar Tree, removal has been necessarily made within the necessary deadlines.

    **DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

13.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states which involves an amount in controversy exceeding $75,000.00. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

    **a. Diversity of Citizenship**

14.    There is complete diversity of citizenship between Plaintiffs, on the one hand, and Dollar Tree on the other. Based upon their own allegations, Plaintiffs are both Louisiana citizens

---

[13] *See* Notice of Service of Process dated August 18, 2021, attached as Exhibit "C."

and domiciled in Louisiana.[14] Dollar Tree is a foreign corporation incorporated in the State of Virginia with its principal place of business in Chesapeake, Virginia.

### b. Amount in Controversy

15. Further, while Plaintiffs do not expressly plead an amount of monetary damages sought in their Petition, the allegations, along with the representations of Plaintiffs' counsel, clearly support a finding that the amount in controversy exceeds $75,000.00. Where the amount of damages is not specifically alleged, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999). This burden may be satisfied by the removing defendant setting forth facts supporting a finding that the jurisdictional amount is satisfied. *See Allen*, 63 F.3d at 1335.

16. Here, the nature of the alleged incident, Mrs. Remedios' alleged injuries, and the medical treatments Mrs. Remedios has allegedly undergone (three brain surgeries) as a result of those injuries alone are enough to justify a belief that the amount in controversy exceeds $75,000.00, as Dollar Tree's citations to the above case law support.

17. Plaintiffs' Petition contends that, as a result of Dollar Tree's alleged negligence, Mrs. Remedios suffered "a traumatic brain injury, which has resulted in multiple surgeries, physical therapy, occupational therapy and various other treatment modalities."[15]

18. When undersigned counsel requested Mrs. Remedios' medical records from Plaintiffs' counsel, Plaintiffs' counsel stated that following Mrs. Remedios' alleged incident in Dollar Tree, she went to the emergency room and was diagnosed with a brain bleed; she then

---

[14] Petition, Introductory Paragraph
[15] Petition, Paragraph 5.

underwent emergency brain surgery to relieve the swelling and remove a piece of her skull.[16]

19. Mrs. Remedios allegedly underwent another surgery in which she received a cranial implant, which was later removed due to surgical complications.[17] Plaintiffs' counsel recently confirmed that plaintiff underwent a repeat cranioplasty in July 2021 making this Plaintiff's third brain surgery.[18]

20. Plaintiffs contend that Ms. Remedios' injuries and subsequent medical treatment resulted from the alleged incident at Dollar Tree, which Plaintiffs claim Dollar Tree caused through its alleged negligence.[19]

21. In addition to the medical bills associated with her three surgeries and other treatments, Plaintiffs claim that Mrs. Remedios is entitled to general damages as a result of the injuries alleged in her Petition, including damages for past, present and future medical expenses, past, present and future pain and suffering, loss of enjoyment of life, lost earnings and diminished earning potential.[20]

22. As stated above, Dr. Remedios also claims to have suffered compensable damages as a result of the injuries his wife allegedly sustained at Dollar Tree.[21]

23. Considering these facts, it is facially apparent that the amount in controversy exceeds $75,000.00, and Defendant Dollar Tree has, therefore, satisfied its burden in that regard.

24. Diversity jurisdiction is fixed at the time of removal. *See Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 n.5 (5th Cir. 1990).

---

[16] *See* Exhibit "A"
[17] *See* Exhibit "A"
[18] See Exhibit "B"
[19] Petition, Paragraph 4.
[20] Petition, Paragraph 6.
[21] Petition, Paragraph 8.

## REMOVAL PROCEDURE

25. A copy of this Notice of Removal is being served upon Plaintiffs through their counsel of record. A copy of the Notice to the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, which has been filed in that Court, is attached hereto.

26. A copy of the state court pleadings is attached to the Listing pursuant to 28 U.S.C. § 1447(b), filed herewith.

**WHEREFORE**, Dollar Tree Stores, Inc., Defendant herein, hereby provides notice that this action is duly removed.

Respectfully submitted:
*/s/ Tasha W. Hebert*

_____
**DONALD E. MCKAY, JR. (#14207)**
**TASHA W. HEBERT (#25703)**
**MICHAEL J. CATALANO (#**
**LEAKE & ANDERSSON, L.L.P.**
1100 Poydras Street, Suite 1700
New Orleans, LA  70163
Tel:  (504) 585-7500
Fax:  (504) 585-7775
Email:  dmckay@leakeandersson.com
           thebert@leakeandersson.com
           mcatalano@leakeandersson.com
Attorneys for Dollar Tree Stores, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 16th day of September, 2021, at their last known address of record.

*/s/ Tasha W. Hebert*
_____
TASHA W. HEBERT

44550/1106748